```
                                    FILED
                                    2008 SEP -5  AM 8:39
                                    CLERK US DISTRICT COURT
                                    SOUTHERN DISTRICT OF CALIFORNIA

                                    BY: _____ DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUTILIO CHAVEZ DELEON<br>A/K/A ROBERTO GUERRERO<br>SALAZAR,<br><br>Defendant. | Criminal Case No. 08-MJ-2455-POR<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on August 22, 2008, to determine whether defendant Rutilio Chavez Deleon, A/K/A Roberto Guerrero Salazar, (the "Defendant") should be held in custody pending trial on the grounds that Defendant is a flight risk. Assistant U.S. Attorney Matthew J. Gardner appeared on behalf of the United States; attorney Hanni M. Fakhoury, Esq., appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and Defendant, the pretrial services report, and the complaint, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required.

///

///

## I.

## FINDINGS OF FACT

**A.    Nature and Circumstances of the Offense Charged (18 U.S.C.§ 3142(g)(1))**

1.    Defendant is charged in a complaint with one count of making false statements in violation of 18 U.S.C. § 1001; one count of making a false claim of citizenship in violation of 18 U.S.C. § 911; one count of making a false representation of a social security number in violation of 42 U.S.C. § 408(a)(7)(B); and one count of aggravated identity theft in violation of 18 U.SC. § 1028A(a)(1).

**B.    Weight of the Evidence Against the Defendant (18 U.S.C.§ 3142(g)(2))**

1.    On March 22, 2007, the United States alleges that the Defendant submitted a false application for a United States passport. While admittedly the least important factor, the Court finds that probable cause exists that the defendant committed the instant offense and that this factor weighs in favor of detention.

**C.    History and Characteristics of the Defendant (18 U.S.C.§ 3142(g)(3))**

1.    Defendant refused to admit his identity to the Court. Therefore, he has no family or financial ties to the community or to the United States that can be verified.

2.    Although Defendant has not admitted his identity, the United States alleges he is a Mexican citizen with no legal right to be in the United States.

3.    Additionally, the United States alleges that Defendant possessed a false California identification card and social security card. It also alleges that Defendant submitted a false application for a United States passport.

4.    For these reasons, this factor weighs in favor of detention.

## II.

## REASONS FOR DETENTION

A.    There is probable cause to believe that Defendant committed the offenses charged as evidenced by the Indictment returned in the District of New Hampshire.

B. Defendant refused to admit his identity.

C. Defendant appears to be a Mexican citizen with no legal right to remain in the United States.

D. Defendant has been charged with identity theft and appears to have the ability to and willingness to change his identity.

E. Defendant has a failure to appear in his past.

F. In court, Defendant repeatedly stated his desire to remain in San Diego and to not go to New Hampshire.

G. Defendant did not comply with the Agents' initial requests that he pick up his passport, and he only reported to the Social Security Office when he thought he had something to gain.

H. Based upon the Court's finding that Defendant is a risk of flight, no condition or combination of conditions will reasonably assure the appearance of Defendant at future court proceedings. The Government has carried its burden of establishing by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant, as required.

## III.

## ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

//
//
//
//

1     While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

    THIS ORDER IS ENTERED WITHOUT PREJUDICE.

    IT IS SO ORDERED.

DATED: 9/3/08

The Honorable Louisa S. Porter
United States Magistrate Judge